J-S18015-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MOSES JOEL FAHNESTOCK | : | |
| | : | |
| Appellant | : | No. 1076 MDA 2019 |

Appeal from the PCRA Order Entered June 5, 2019,
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s):  CP-22-CR-0001407-2018.

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| MOSES JOEL FAHNESTOCK | : | |
| | : | |
| Appellant | : | No. 1077 MDA 2019 |

Appeal from the PCRA Order Entered June 5, 2019,
in the Court of Common Pleas of Dauphin County,
Criminal Division at No(s):  CP-22-CR-0000531-2014.

BEFORE:   KUNSELMAN, J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KUNSELMAN, J.:        **FILED: JUNE 22, 2020**

In these consolidated appeals, Moses Joel Fahnestock appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act. 42 Pa.C.S.A. §§ 9541-46.  We reverse and remand with instructions.

---

[*] Former Justice specially assigned to the Superior Court.

The pertinent facts and procedural history, as gleaned from the certified record, are as follows. On June 23, 2014, Fahnestock entered a negotiated guilty plea to various charges at Docket No. 531-2014. That same day the trial court, in accordance with the terms of the plea, sentenced Fahnestock to an aggregate term of nine to twenty-three months of county incarceration and a consecutive five-year term of probation. Fahnestock did not file an appeal. On October 15, 2014, he was released on parole.

While still on probation, Fahnestock was arrested on February 25, 2018 and charged with flight to avoid apprehension at Docket No. 1407-2018. On May 2, 2018, Fahnestock pled guilty to the charge. As part of his written guilty plea colloquy, Fahnestock acknowledged his post-sentence rights. At the same proceeding, the trial court determined that Fahnestock violated the conditions of his probation/parole with regard to Docket No. 531-2014. The trial court then sentenced Fahnestock at both dockets, resulting in an aggregate term of eighteen months to four years of state incarceration. At the close of the proceeding, plea counsel waived the reading of Fahnestock's right to file a post-sentence motion and/or a direct appeal.

Despite being represented by counsel, Fahnestock filed a *pro se* motion to modify his sentence on May 15, 2018. The trial court denied the motion on June 6, 2018. Importantly, in the order, the trial court did not provide Fahnestock with notice of his "right to appeal and the time limits in which the appeal must be filed." Pa.R.Crim.P. 720(B)(4)(a); **see also** Pa.R.Crim.P. 720(B)(4)(a), Comment (noting, Rule 720B)(4)(a)'s "requirement ensures

adequate notice to the . . . [appellant], which is important given the potential time lapse between the notice provided at sentencing and the resolution of the post-sentence motion"). Additionally, plea counsel was not included in the distribution of the order.[1] Fahnestock did not file a direct appeal.

On October 5, 2018, Fahnestock filed a *pro se* PCRA petition, in which he raised various claims, including a claim that plea counsel was ineffective for failing to advise him of his post-sentence and appellate rights. The PCRA court appointed counsel, and PCRA counsel filed an amended PCRA petition on January 29, 2019. In the amended petition, Fahnestock claimed that government officials interfered with his right to file a direct appeal. Specifically, Fahnestock asserted that, although the clerk of courts properly docketed his motion to modify sentence, the clerk neglected to forward the *pro se* filing to counsel so that counsel could timely correct any errors.[2]

On May 8, 2019, the PCRA court issued a Pa.R.Crim.P. 907 intention to dismiss Fahnestock's PCRA petition without a hearing. Fahnestock filed a *pro se* response. By order entered June 5, 2019, the PCRA court dismissed

_____

[1] On July 26, 2018, plea counsel did file a petition on Fahenstock's behalf in which counsel requested an award of additional time credit. The trial court granted the motion on July 30, 2018. Although a copy of this order was distributed to plea counsel, it was not sent to Fahnestock.

[2] That next day, Fahnestock filed a motion to reinstate his appellate rights *nunc pro tunc*, in which he asserted, *inter alia*, that the order denying his *pro se* post-sentence motion was not distributed to plea counsel. Our review of the certified record reveals that the PCRA court never ruled on this motion.

Fahnestock's amended PCRA petition.  This appeal followed.  Both Fahnestock and the PCRA court have complied with Pa.R.A.P. 1925.

Fahnestock presents the following issue for our review:

1. The [PCRA] court abused its discretion by dismissing [Fahnestock's] claim to reinstate his direct appeal rights pursuant to 42 Pa.C.S.A. § 9543(a)(2)(iv)?

Fahnestock's Brief at 7 (emphasis omitted).

Our scope and standard of review is well settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party.  Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa. Super. 2015) (citations omitted).

A PCRA petitioner is eligible for post-conviction relief when "[t]he improper obstruction by governmental officials of the petitioner's right to appeal" occurred, and "where a meritorious appealable issue existed and was properly preserved in the trial court."  42 Pa.C.S.A. § 9543(a)(2)(iv).  Here, Fahnestock contends that the clerk of courts' failure to forward a copy of his May 15, 2018 *pro se* motion to plea counsel, pursuant to Pa.R.Crim.P. 576, constituted a "breakdown in the system" that entitles him to relief in the form

- 4 -

or reinstating his appellate rights *nunc pro tunc*.  Fahnestock's Brief at 10.

According to Fahnestock, "the clerk of courts prevented trial counsel from

receiving the [*pro se*] Motion and correcting any timeliness errors to protect

[his] direct appeal rights."  **Id.**

The PCRA court found no merit to this claim.  As the court explained in

its Rule 907 notice:

> Specifically, despite being represented by counsel,
> [Fahnestock] filed a motion to modify and reduce sentence.
> The clerk of courts docketed the motion.  [Fahnestock] is
> claiming that the clerk of courts should have forwarded the
> *pro se* pleading to [plea] counsel to enable counsel to timely
> correct any errors.  **Commonwealth v. Rodriguez**, 174
> A.3d 1130 (Pa. Super. 2017).
>
> [Fahnestock] is not entitled to relief.  He pled guilty and
> was sentenced on May 2, 2018.  At the time of his guilty
> plea, [Fahnestock] completed a guilty plea colloquy that
> explained his right to appeal.  His ten day deadline in which
> to file a post-sentence motion was on May 12, 2018.
> [Fahnestock] did not file his *pro se* motion until May 15,
> 2018.  Thus, the clerk of courts['] "failure" is not relevant.
> [Fahnestock] did not express his desire to appeal within the
> [ten day] deadline.  Therefore, there was no obstruction by
> government officials and no relief is due.

Rule 907 Notice, 5/8/19, at unnumbered 2.[3]

---

[3] Fahnestock's *pro se* motion may have been timely-filed pursuant to the
"prisoner mailbox rule."  **See Commonwealth v. Brandon**, 51 A.3d 231,
234, n.5 (Pa. Super. 2012) (deeming "a *pro se* document filed on the date it
is placed in the hands of prison authorities for mailing").  Because May 10,
2018 was a Saturday, Fahnestock's ten days in which to file a post-sentence
motion expired on Monday, May 14, 2018.  **See** 1 Pa.C.S.A. § 1908.
Fahnestock dated his motion on that date.  However, our review of the record
reveals no evidence to support application of the prison mailbox rule.

In its brief, the Commonwealth summarily echoes this rationale: "Notably, this failure to forward the motion occurred after [Fahnestock] filed an untimely [*pro* se] post-trial motion. This is important because even if the court forwarded the [*pro* se] motion and [Fahnestock's counsel] had the opportunity to amend and correct its deficiencies, it would have nevertheless been jurisdictionally barred for lack of timeliness." Commonwealth's Brief at 7.

In essence, both the PCRA court and the Commonwealth contend that because Fahnestock filed his post-sentence motion in an untimely manner, plea counsel could not correct this deficiency. We cannot agree. In **Commonwealth v. Dreves**, 839 A.2d 1122 (Pa. Super. 2003), this Court noted that, if a notice of appeal has not been filed, counsel can correct an untimeliness of a post-sentence motion by seeking leave to file a post-sentence motion *nunc pro tunc* within thirty days:

> We recognize that under 42 Pa.C.S.A. § 5505, if no appeal had been taken, within 30 days after the imposition of sentence, the trial court has the discretion to grant a request to file a post-sentence motion *nunc pro tunc*.
>
> ***
>
> To be entitled to file a post-sentence motion *nunc pro tunc*, a defendant must, within 30 days after the imposition of sentence, demonstrate sufficient cause, *i.e.*, reasons that

---

Nevertheless, this omission is of no consequence because we find that, even if Fahnestock's motion was motion untimely, he is still entitled to reinstatement of his appellate rights. ***See infra***.

excuse the late filing. . . . When the defendant has met this burden and has shown sufficient cause, the trial court must then exercise its discretion in deciding whether to permit a defendant to file a post-sentence motion *nunc pro tunc*. If the trial court chooses to permit a defendant to file a post-sentence motion *nunc pro tunc*, the court must do so expressly.

\*\*\*

[I]n order for a petition to file a post-sentence motion *nunc pro tunc* to be granted, a defendant must, within 30 days after the imposition of sentence, demonstrate an extraordinary circumstance which excuses the tardiness.

**Dreves**, 839 A.2d at 1128 (footnoted omitted). **See also Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015) (citing **Dreves**, and explaining that a post-sentence motion may toll the appeal period only if two conditions are met; within 30 days from the date sentence was imposed, the defendant must make a request to file a post-sentence motion *nunc pro tunc* and the trial court must expressly grant it).

Here, contrary to the conclusions of the PCRA court and the Commonwealth, had the clerk of courts forwarded Fahnestock's untimely *pro se* motion to plea counsel, plea counsel could have filed a request to file a post-sentence motion *nunc pro tunc*, and attempted to sufficient cause to permit the *nunc pro tunc* filing. Thus, the clerk of courts' failure to forward the *pro se* filing in this case constituted "a breakdown in the system" that prejudiced Fahnestock, because plea counsel was denied the opportunity to seek to file a post-sentence motion *nunc pro tunc*. In addition, another "breakdown" occurred when the trial court, in denying Fahnestock's *pro se*

post-sentence motion failed to inform him of his appellate rights. ***See Commonwealth v. Patterson***, 940 A.2d 493, 499 (Pa. Super. 2007) (finding a breakdown in the court's operation occurred when the trial court denied the defendant's untimely post-sentence motion within the appeal period, but failed to apprise him that he still had fifteen days to file an appeal).

Given these circumstances, we conclude that the above irregularities constitute breakdowns in the court system such that Fahnestock's direct appeal rights should be reinstated. ***Dreves***, ***supra***; ***Patterson***, ***supra***.

Order reversed. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 06/22/2020